UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE MICHAEL STATEN,<br><br>              Plaintiff,<br><br>   v.<br><br>JOSHUA R. KELLEMEN, et al.,<br><br>             Defendants. | Case No. C18-0316-MJP-MAT<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION

Plaintiff, a county pretrial detainee, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. He brings claims against his defense attorney, the prosecuting attorney, and two state court judges related to his pending state criminal case. (Dkt. 4.) Specifically, he alleges that his criminal defense attorney has been unethical and ineffective, has a conflict of interest, fails to communicate, and refuses his requests. (*Id.* at 3.) He also alleges that the prosecutor requested that he be fingerprinted even though his fingerprints were taken when he was booked, and that the state court judge prejudiced him by denying a motion. (*Id.*)

Upon screening, the Court determined that plaintiff failed to state a claim because his defense attorney did not act under color of law, as required for a § 1983 claim, and because the

REPORT AND RECOMMENDATION - 1

1  prosecutor and state court judges are protected by absolute immunity. (Dkt. 5.) The Court ordered
2  plaintiff to show cause why the case should not be dismissed. (*Id.*) Plaintiff filed a response (Dkt.
3  6), but, for the reasons discussed below, he does not cure the deficiencies identified by the Court.
4  Accordingly, the Court recommends that plaintiff's complaint and this action be DISMISSED
5  without leave to amend. His federal claims should be dismissed with prejudice, and any state-law
6  claims should be dismissed without prejudice. In addition, the Court recommends that the
7  dismissal count as a STRIKE under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §
8  1915(g).

## II.   DISCUSSION

### A.   Screening standard

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

///

REPORT AND RECOMMENDATION - 2

B. <u>Section 1983 standard</u>

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

C. <u>Plaintiff cannot bring a § 1983 claim against his criminal defense attorney</u>

The Court previously informed plaintiff that criminal defense attorneys do not act under color of state or federal law, and therefore they cannot be sued under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003). In plaintiff's response to the Court's Order to Show Cause, he reiterated his previous factual allegations and also claims that his defense attorney is liable for legal malpractice. (Dkt. 6 at 4.) Malpractice is a state-law claim, not a federal claim.

Federal courts have supplemental jurisdiction to consider state-law claims when they are "so related" to the federal claims that they "form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is designed to promote "judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). However, when all federal claims have been dismissed, the interests promoted by supplemental jurisdiction are no longer present, and a court may decline to exercise jurisdiction over state-law claims. 28 U.S.C. § 1367(c); *Carnegie-Mellon*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the

REPORT AND RECOMMENDATION - 3

1  pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point

2  toward declining to exercise jurisdiction over the remaining state-law claims."). Because plaintiff

3  fails to present any viable federal claims, the Court should decline to exercise jurisdiction over any

4  state-law claims, which should be dismissed without prejudice.

5      D.    <u>The prosecutor and state court judges are immune from plaintiff's lawsuit</u>

6      As the Court previously informed plaintiff, his claims against the prosecutor and the state

7  court judges are barred by absolute judicial and prosecutorial immunities. *See Mireles v. Waco*,

8  502 U.S. 9, 9-12 (1991) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)

9  (prosecutorial immunity).

10      "Judges are absolutely immune from damages actions for judicial acts taken within the

11  jurisdiction of their courts. . . .  A judge loses absolute immunity only when he acts in the clear

12  absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*,

13  846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted).  Judges retain their immunity

14  even when accused of acting maliciously or corruptly, *see Mireles*, 502 U.S. at 11, acting in error,

15  *see Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999), or conspiring to produce a

16  certain decision, *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc).

17      Prosecutorial immunity applies to conduct "intimately associated with the judicial phase

18  of the criminal process," protecting prosecutors when performing traditional activities related to

19  the initiation and presentation of criminal prosecutions. *Imbler*, 424 U.S. at 430-31; *see also*

20  *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]t is well established that a prosecutor

21  has absolute immunity for the decision to prosecute a particular case[.]"). Allegations of, for

22  example, malicious prosecution, conspiracy to predetermine the outcome of a proceeding, or

23  suppression or destruction of evidence are subject to dismissal on grounds of prosecutorial

REPORT AND RECOMMENDATION - 4

immunity. *See*, *e.g.*, *Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001) (prosecutorial immunity covers claims of the knowing use of false testimony at trial, malicious prosecution, and suppression of exculpatory evidence); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984) (prosecutorial immunity applies to destruction of evidence).

Here, it is apparent that the conduct plaintiff identifies—ruling on a motion and requesting fingerprints—falls within that protected by judicial and prosecutorial immunities. Plaintiff's response to the Order to Show Cause fails to allege any additional conduct that would not be protected. (*See* Dkt. 6.) Accordingly, these claims should be dismissed.

E.      The dismissal should count as a strike

"The PLRA's 'three-strikes' rule prohibits a prisoner from filing an action *in forma pauperis* (IFP) if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)). Because plaintiff fails to state a claim upon which relief may be granted, despite being advised of the applicable legal standards and given an opportunity to show cause, the dismissal of this action should count as a "strike" under the PLRA. *See, e.g.*, *Henry v. Miranda*, No. 16-cv-458, 2017 WL 1198591, at *2 (E.D. Cal. Mar. 31, 2017) (dismissing § 1983 claims with prejudice for failure to state a claim, dismissing state law claims without

prejudice, and counting dismissal as a "strike" under § 1915(g)); *Young v. Rodriguez*, No. 15-cv-2604, 2016 WL 492440, at *2 (E.D. Cal. Aug. 8, 2016) (concluding that dismissal of state law claims constitutes a "strike" under § 1915(g)).

### III.   CONCLUSION

The Court recommends that plaintiff's complaint and this action be DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff's federal claims should be dismissed with prejudice, and any state-law claims should be dismissed without prejudice. In addition, this dismissal should count as a STRIKE under § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 25, 2018**.

Dated this 3rd day of May, 2018.

Mary Alice Theiler
United States Magistrate Judge